# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

|                                                                 |     |                         |
|-----------------------------------------------------------------|-----|-------------------------|
| DAVID BEHLMAN,                                                  | )   |                         |
|                                                                 | )   |                         |
| Plaintiff,                                                      | )   | No. 4:12-CV-1567 JAR   |
|                                                                 | )   |                         |
| v.                                                              | )   |                         |
|                                                                 | )   |                         |
| CENTURY SURETY COMPANY and STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, | )   |                         |
|                                                                 | )   |                         |
| Defendants.                                                     | )   |                         |

## MEMORANDUM AND ORDER

This matter is before the court on Defendant State Farm Mutual Automobile Insurance Company's Motion for Summary Judgment (ECF No. 20). This matter is fully briefed and ready for disposition.

## BACKGROUND

Plaintiff David Behlmann filed this lawsuit to recover for injuries he sustained due to an automobile accident, which occurred in St. Louis County. (Defendant State Farm's Statement of Uncontroverted Facts ("SUF"), ECF No. 20-1, ¶1). At the time of the accident, Plaintiff was operating a vehicle owned by his employer MJ Squared, LLC with MJ Squared, LLC's permission. (Id., ¶2). Plaintiff asserts that his automobile collision was caused by Craig Sheffer's negligence. (Id., ¶3). Plaintiff entered into an agreement with Mr. Sheffer's insurance carrier for a settlement in the amount of $50,000.00, which was the limit of Mr. Sheffer's insurance liability policy. (Id., ¶4). At the time of the accident, a policy of automobile liability insurance issued by Century Surety Company to Plaintiff's employer, MJ Squared, LLC was in

full force and effect, which insured the vehicle operated by Plaintiff at the time of the accident and bore Policy Number CCP462002 ("Century policy"). (<u>Id.</u>, ¶5). The Century policy provided underinsured motorist coverage, with limits of $1,000,000.00. (<u>Id.</u>, ¶6). The Century policy provides primary coverage. (ECF No. 22, p. 2; ECF No. 26, p. 1).

In addition to the Century policy, Plaintiff insured his personal vehicle with State Farm (the "State Farm policy"). (SUF, ¶7). The State Farm coverage is excess. (ECF No. 21, p. 4). The State Farm policy included underinsured motorist coverage limits of $100,000.00. (SUF, ¶8). Plaintiff's State Farm policy contained the following language:

> If There Is Other Underinsured Motor Vehicle Coverage
>
> ***
>
> 1. If the insured sustains bodily injury while occupying a vehicle not owned or leased by you, your spouse, or any relative, this coverage applies:
>
>    a. as excess to any underinsured motor vehicle coverage which applies to the vehicle as primary coverage, but
>
>    b. only in the amount by which it exceeds the primary coverage.
>
>    If coverage under more than one policy applies as excess:
>
>    a. The total limit of liability shall not exceed the difference between the limit of liability of the coverage that applies as primary and the highest limit of liability of any one of the coverages that applies as excess
>
> ***

The Century policy contained the following provision:

> Throughout this policy the words "you" and "your" refer to the Named Insured shown in the Declarations.

***

B.      General Conditions

5.      Other Insurance

a.      For any covered "auto" you own, this Coverage Form provides primary insurance…

## SUMMARY JUDGMENT STANDARD

The Court may grant a motion for summary judgment if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); Celotex Corp. v. Citrate, 477 U.S. 317, 322 (1986); Torgerson v. City of Rochester, 643 F.3d 1031, 1042 (8th Cir. 2011). The substantive law determines which facts are critical and which are irrelevant. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). Only disputes over facts that might affect the outcome will properly preclude summary judgment. Id. Summary judgment is not proper if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. Id.

A moving party always bears the burden of informing the Court of the basis of its motion. Celotex Corp., 477 U.S. at 323. Once the moving party discharges this burden, the nonmoving party must set forth specific facts demonstrating that there is a dispute as to a genuine issue of material fact, not the "mere existence of some alleged factual dispute." Fed. R. Civ. P. 56(e); Anderson, 477 U.S. at 248. The nonmoving party may not rest upon mere allegations or denials of his pleading. Anderson, 477 U.S. at 258.

In passing on a motion for summary judgment, the Court must view the facts in the light most favorable to the nonmoving party, and all justifiable inferences are to be drawn in his favor.

Celotex Corp., 477 U.S. at 331. The Court's function is not to weigh the evidence but to determine whether there is a genuine issue for trial. Anderson, 477 U.S. at 249. "'Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge.'" Torgerson, 643 F.3d at 1042 (quoting Reeves v. Sanderson Plumbing Prods., Inc., 530 U.S. 133, 150, 120 S. Ct. 2097, 147 L. Ed. 2d 105 (2000)).

## **DISCUSSION**

In this action, Plaintiff's vehicle was covered by two different policies of underinsured motorist coverage issued by the two Defendants. Defendant State Farm Mutual Automobile Insurance Company's ("State Farm") asserts that its policy does not provide any underinsured motorist coverage to Plaintiff because of the Century Surety Insurance ("Century") coverage available to Plaintiff.

State Farm argues that the excess coverage provision means that State Farm need not pay anything if the limit on Century's primary coverage ($1,000,000) exceeds the limit on State Farm's excess coverage ($100,000). The State Farm policy provides that when the insured occupied a vehicle owned by someone who was not a spouse or relative under the terms of the State Farm policy, and that vehicle had a policy providing underinsured motorist coverage, then the limits of the policy covering that vehicle were primary. (ECF No. 21, p. 3). State Farm asserts that its policy provides that State Farm is only responsible in the amount by which its underinsured coverage exceeds the primary coverage. (ECF No. 21, p. 4). State Farm contends that because the State Farm coverage does not exceed the primary coverage, it does not provide additional coverage for Plaintiff in addition to the coverage afforded by the Century policy. (ECF No. 21, p. 4). State Farm contends that a similar reading of the policy language was

upheld in <u>Buehne v. State Farm Mut. Auto. Ins. Co.</u>, 232 S.W.3d 603 (Mo. Ct. App. 2007) and <u>State Farm Mut. Auto. Ins. Co. v. Sommers</u>, 954 S.W.2d 18 (Mo. Ct. App. 1997).

In response, Plaintiff contends that the State Farm policy is ambiguous such that it can reasonably be interpreted to provide underinsured motorist coverage to the extent that Plaintiff's damages exceed the amount paid by the primary coverage. (ECF No. 22, p. 1). Plaintiff notes that the policy states, "We will pay damages for bodily injury an insured is legally entitled to collect from the owner or driver of an underinsured motor vehicle." (<u>Id.</u>). Plaintiff asserts that the Century policy provides primary coverage, which triggers the State Farm policy excess coverage provision. (<u>Id.</u>, p. 2). Century asserts that State Farm interprets the excess coverage provision to mean "the *limit of liability* of coverage that applies in the primary." (Id., p. 2 (emphasis in original)). Century claims that a reasonable interpretation of "the primary coverage" means "the amount of coverage the primary policy *actually pays* on the claims, not its *limits*." (<u>Id.</u>, p. 3 (emphasis in original)). Thus, Century concludes that "rather than acting as an exclusion to recovery, the excess coverage provision simply requires the amount paid by the primary policy to be subtracted from the total damages, thus making excess coverage only applicable to the remaining balance, if any." (<u>Id.</u>, pp. 3-4).

First, the Court recognizes the well-established rule that any ambiguity in an insurance contract must be construed against the drafter, that is, the insurer. <u>Sargent Const. Co., Inc. v. State Auto. Ins. Co.</u>, 23 F.3d 1324, 1326 (8th Cir. 1994)("if an insurance policy is ambiguous, the policy shall be construed against the insurer"); <u>Robin v. Blue Cross Hosp. Serv., Inc.</u>, 637 S.W.2d 695, 698 (Mo. 1982)(same). In addition, "'[w]hen interpreting an insurance policy, this court is to give the policy a reasonable construction and interpret the policy so as to afford rather than defeat coverage.'" <u>Murray v. Am. Family Mut. Ins. Co.</u>, 429 F.3d 757, 764 (8th Cir.

2005)(quoting <u>JAM Inc. v. Nautilus Ins. Co.</u>, 128 S.W.3d 879, 893 (Mo.Ct.App.2004)(internal citation omitted)).

Nevertheless, the Court finds that the language of the State Farm policy is unambiguous and does not provide coverage in addition to the amount of the primary, Century policy.  As in <u>Sommers</u> and <u>Buehne</u>, the State Farm policy clearly states that it only provides underinsured motorist coverage to the extent that the State Farm policy limits exceed those of the primary policy.  Similarly, in <u>Sommers</u>, the underinsured motorist policy stated that it provided coverage "as excess to any underinsured motor vehicle coverage which applies to the vehicle as primary coverage, but only in the amount in which it exceeds the primary coverage." 954 S.W. 2d at 19. The <u>Sommers</u> court held that the underinsured motorist policy clearly set limits on the amount that State Farm would pay in addition to primary coverage on the vehicle.  <u>Id.</u>  Similarly, the <u>Buehne</u> court held that the State Farm policy only provided underinsured motorist coverage to the extent that the State Farm policy limits exceeded those of the primary policy.  232 S.W. 3d at 607.  Therefore, because the amount of coverage provided by the underinsured insured motorist provision in the State Farm policy does not exceed the primary coverage, the Court finds that the State Farm policy affords no coverage to Plaintiff and grants State Farm's Motion for summary judgment.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant State Farm Mutual Automobile Insurance Company's Motion for Summary Judgment [20] is **GRANTED**.

Dated this 6th day of May, 2013.

_____
**JOHN A. ROSS**
**UNITED STATES DISTRICT JUDGE**