UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI—EASTERN DIVISION

| | |
|---|---|
| DAVID BEHLMANN, ) | |
| ) | Cause No. 4:12-CV-01567-JAR |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| CENTURY SURETY COMPANY, et al., ) | |
| ) | |
| Defendants. ) | |

**PLAINTIFF'S RESPONSE TO DEFENDANT'S OBJECTIONS TO PLAINTIFF'S DEPOSITION DESIGNATIONS**

Defendant objects to some of Plaintiff's deposition designations with respect to Dr. Anthony Sudekum and Dr. Sheldon Davis. (Doc. # 58.) For the reasons below, these objections should be overruled.

**I.   Dr. Sudekum.**

**10:4 – 12:9; objections: irrelevant, non-responsive.**

In this passage, Dr. Sudekum is asked about and discusses his experience doing public service work as a volunteer surgeon. First, Defendant waived its "non-responsive" objection by failing to raise it at the deposition. *See* Fed. R. Civ. Proc. 32(d)(3)(B) ("An objection to an error or irregularity at an oral examination is waived if . . . it relates to the manner of taking the deposition, the form of a question or answer, the oath or affirmation, a party's conduct, or other matters that might have been corrected at that time, . . . [and] it is not timely made during the deposition"); *NGM Ins. Co. v. Walker Constr. & Dev., LLC*, 2012 U.S. Dist. LEXIS 177161, *6-7 (E.D. Tenn. Dec. 13, 2012) ("The Court concludes many of Defendants' objections were waived when they failed to raise them during the deposition. Specifically, any objection based on the form of the question or answer is waived. This includes . . . non-responsive answer").

1

Second, Dr. Sudekum's experience as a volunteer surgeon is relevant to his qualifications and credibility as an expert witness. The jury can rely on this experience when determining the weight to give his testimony, as well as the testimony of Defendant's experts.

> **58:16 – 60:15; objections: foundation, speculation**

In this passage, Dr. Sudekum testifies that Plaintiff's medical bills with respect to the left upper extremity were necessary and reasonable. It appears Defendant's objections are based on the fact that, instead of being shown each individual bill, Dr. Sudekum was shown an exhibit that summarized all of Plaintiff's medical bills and the amounts charged. This is permissible:

> Finally, defendant argues that the Court should alter the judgment to deduct $2,048 from the award of compensatory damages because medical bills relating to the May 6, 2003 incident should not have been awarded. However, the only evidence in the record regarding the amount of medical bills came from Dr. Putnam, who testified that all of the costs for treatment listed **in plaintiff's exhibit** were reasonable and necessary. Defendant failed to cross-examine Dr. Putnam regarding charges from the May 6, 2003 incident, or otherwise generate evidence consistent with defendant's argument. Because defendant offered no evidence in the record disputing the charges, the Court finds no basis for altering the judgment to exclude the charges.

*King v. Turner*, 2007 U.S. Dist. LEXIS 10435, *7-8 (D. Minn. Feb. 14, 2007) (emphasis added); *see also Gaskin v. Hobgood*, 2010 U.S. Dist. LEXIS 42871, 6-7 (W.D. Mo. May 3, 2010) (denying defendant's objection "that plaintiff failed to actually show Dr. Kumar during his deposition any bills or records of the tests given," and defendant argued "you would have to do so and have this doctor identify them"). Here, not only was Dr. Sudekum given a summary exhibit, but he testified that all the treatment documented in the records he reviewed was necessary, and the charges therefore—based upon his professional knowledge of what other hospitals and doctors charge—were reasonable. That is more than enough.

II.     **Dr. Davis.**

> **28:7-16; objections: irrelevant, speculation, foundation**

In this passage, Dr. Davis testifies that he reviewed photographs of the accident, damage to Plaintiff's vehicle, and damage to the left headliner of Plaintiff's vehicle. Objections as to speculation and foundation were waived when not made at the deposition. *See* Fed. R. Civ. Proc. 32(d)(3)(B); *NGM Ins. Co.*, 2012 U.S. Dist. LEXIS 177161 at *6-7 (denying such objections when not raised in the deposition); *In re Stratosphere Corp. Sec. Litig.*, 182 F.R.D. 614, 618 (D. Nev. 1998) ("Questions to which timely objections should be made during the deposition include those which . . . call for speculation or conjecture"). Moreover, such statements are not speculative and they do not lack any foundation, as a proper foundation for the admissibility of such photographs will be laid during the presentation of Plaintiff's case. As to relevancy, the photos are clearly relevant. They show the severity of the impact and forces Plaintiff was subject to, and they prove convincingly that Plaintiff received a serious blow to the left side of his head, all relevant in determining whether Plaintiff suffered left-sided hearing loss as a result of the collision.

**33:15 – 34:6; objections: speculation, foundation**

In this passage, Dr. Davis testifies as to the reasonableness of treatment rendered by Dr. Bonacorsi. Defendant waived these objections by failing to raise them in the deposition. *See* Fed. R. Civ. Proc. 32(d)(3)(B); *NGM Ins. Co.*, 2012 U.S. Dist. LEXIS 177161 at *6-7; *In re Stratosphere Corp. Sec. Litig.*, 182 F.R.D. 614 at 618. Plaintiff could have cured any such objections at the time of the deposition if they had been properly raised. Further, even if they had not been waived, Dr. Davis' testimony that the charges "seem reasonable, yes," based on his own knowledge of the costs of such services in St. Louis, as well as Dr. Davis' later testimony that such charges were "reasonable and customary" (Davis Dep. 35:18-21), is sufficient to establish the reasonableness of the charges.

**35:1-3, 8-12, 16-21; objections: speculation, foundation**

In this passage, Dr. Davis testified that the treatment rendered by both he and Dr. Bonacorsi to Plaintiff was necessary, and that the charges for such services were reasonable. Defendant waived its objection for lack of foundation by failing to raise it in the deposition. *See* Fed. R. Civ. Proc. 32(d)(3)(B); *NGM Ins. Co.*, 2012 U.S. Dist. LEXIS 177161 at *6-7. Further, a proper foundation was laid for the testimony, as Dr. Davis testified that he reviewed the records and bills. Neither was the testimony speculative, as, again, Dr. Davis' testimony that the charges "seem reasonable, yes," based on his own knowledge of the costs of such services in St. Louis, as well as Dr. Davis' testimony that such charges were "reasonable and customary" (Davis Dep. 35:18-21), is sufficient to establish the reasonableness of the charges.

        Respectfully Submitted,

        /s/ Phillip A. Tatlow
        Phillip A. Tatlow, #41364
        10525 Big Bend Boulevard
        St. Louis, MO 63122
        (314) 315-8111
        (314) 315-8113 Facsimile
        pat@bollwerktatlow.com

        /s/ Jill S. Bollwerk
        Jill S. Bollwerk, #38721
        10525 Big Bend Boulevard
        St. Louis, MO 63122
        (314) 315-8111
        (314) 315-8113 Facsimile
        jsb@bollwerktatlow.com

        *Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on April 21, 2014, the foregoing was electronically filed with the Clerk of the Court to be served by operation of the Court's electronic filing system upon the parties.

By: //s// Phillip A. Tatlow