UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DAVID BEHLMAN, | )<br>)<br>) |
| Plaintiff, | )<br>) No. 4:12-CV-1567 JAR |
| v. | )<br>) |
| CENTURY SURETY COMPANY and<br>STATE FARM MUTUAL AUTOMOBILE<br>INSURANCE COMPANY, | )<br>)<br>) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the court on Defendant's Bill of Taxable Costs (ECF No. 92) and Plaintiff's Motion for New Trial (ECF No. 95). These matters are fully briefed and ready for disposition.[1]

### I. Bill of Costs

In Defendant's Bill of Taxable Costs, it requests costs in the amount of $8,657.00 to be taxed against Plaintiff David Behlmann ("Plaintiff") and in favor of Defendant Century Surety Company ("Defendant"). On May 16, 2014, the Court entered Judgment in favor of Defendant based upon the jury's May 8, 2014 verdict. In that Order, the Court assessed costs against Plaintiff. (ECF No. 89).

Plaintiff objects to $5,700 of Defendant's requested costs for hiring a videographer to create a database, edit videotaped depositions, and attend the trial. (ECF No. 94). Plaintiff

---

[1] Defendant did not file a reply memorandum in support of its Motion for Bill of Costs and the time for filing such a reply has run.

contends that these costs are not taxable because they are not provided for under 28 U.S.C. §1920 and because such costs were incurred solely for the convenience of counsel.

The Court declines to award Defendant its costs for a "Trial Technician (Audio/Visual Professional)." As noted by Plaintiff, the Court may only tax costs that are enumerated in 28 U.S.C. §1920. See Brisco-Wade v. Carnahan, 297 F.3d 781, 782 (8th Cir. 2002), quoting Crawford Fitting Co. v. J.T. Gibbons, Inc., 482 U.S. 437, 444-45 (1987) ("Section 1920 imposes 'rigid controls on cost-shifting in federal courts,' and 'absent explicit statutory or contractual authorization for the taxation of the expenses of a litigant's witness as costs, federal courts are bound by the limitations set out in' section 1920.") Section 1920 does not provide for the Court to tax costs for a trial technician. See 28 U.S.C. §1920; Kalitta Air L.L.C. v. Cent. Texas Airborne Sys. Inc., 741 F.3d 955, 959 (9th Cir. 2013)(reversing award of costs for editing and synchronizing deposition videotapes because such costs are not provided for by §1920). Therefore, the Court denies the taxation of costs for a trial technician. The Court grants Defendant's Motion for Costs in all other respects and awards Defendant its costs in the amount of $2,957.00.

## II. Motion for New Trial

In his Motion for a New Trial, Plaintiff identifies four purported legal errors that "prejudiced Plaintiff's substantial rights and resulted in a miscarriage of justice: (1) applying Rev.Stat.Mo. §490.715.5 to the amount of Plaintiff's medical damages; (2) denying Plaintiff the right to impeach by contradiction the testimony and test results of Defendant's expert, Dr. Michael Oliveri, Ph.D.; (3) denying Plaintiff the right to prove through extrinsic evidence the financial and personal conflict of interest of Defendant's expert, Dr. Richard Lehman, M.D.; and

(4) upholding Defendant's use of a peremptory challenge to strike the only African-American panel member during voir dire." (Plaintiff's Motion for New Trial at 1).

### A. Standard for Granting a New Trial

Plaintiff brings his motion for new trial pursuant to Federal Rule of Civil Procedure 59(a)(1)(A), which provides that "[t]he court may, on motion, grant a new trial ... after a jury trial, for any reason for which a new trial has heretofore been granted in an action at law in federal court." "Under Rule 59, the decision to grant a new trial lies within the sound discretion of the trial court, and its decision will not be reversed on appeal absent a clear abuse of that discretion." Howard v. Mo. Bone & Joint Ctr., Inc., 615 F.3d 991, 995 (8th Cir.2010). "The key question in determining whether a new trial is warranted is whether it is necessary to prevent a miscarriage of justice." Haigh v. Gelita USA, Inc., 632 F.3d 464, 471 (8th Cir.2011).

### B. Applying Rev.Stat.Mo. §490.715.5 to the Amount of Plaintiff's Medical Damages

Plaintiff argues that Rev.Stat.Mo. §490.715.5 does not apply because the exception to the collateral source rule only applies when the person who committed the negligence is a "party" to the lawsuit and the cause of action is for tort. ECF No. 95-1 at 2-5; see Rev.Stat.Mo. §490.715.5. Because this underinsured motorist action is a contract action and the negligent tortfeasor was not a party to the lawsuit, Plaintiff contends that Section 490.715.5 and evidence of the amount Plaintiff actually paid for his medical bills was not admissible.

As indicated on the record, the Court held that §490.715.5 is applicable to the instant case. Although §490.715.5 refers to the "negligence of any *party*," the Court construed that language to include an insurer who stands in the shoes of a party. Underinsured motorist coverage claims are inherently derivative of the negligence of the non-party tortfeasor. See Messner v. Am. Union Ins. Co., 119 S.W.3d 642, 648-49 (Mo. Ct. App. 2003)("[A]ny person,

who pursuant to a legal obligation to do so, has paid even indirectly, for a loss or injury resulting from the wrong or default of another will be subrogated to the rights of the creditor or injured person against the wrongdoer or defaulter, persons who stand in the shoes of the wrongdoer, or others who, as payor, are primarily responsible for the wrong or default.")(quoting Kroeker v. State Farm Mut. Auto. Ins. Co., 466 S.W.2d 105, 110 (Mo. Ct. App. 1971)). The Court found no reason that the insurance company should not be entitled to the same defenses to Plaintiff's claim of medical damages that would have been available to the underinsured motorist. The parties agreed that Plaintiff rebutted the statutory presumption set forth in §490.715.5 (ECF No. 52 at 3) and, therefore, the Court permitted both the amount charged and the amount necessary to satisfy Plaintiff's financial obligations to the providers to be admissible at trial. In accordance with the foregoing, the Court finds that it properly followed Missouri law in permitting both the amount of the medical expenses billed and the amount paid to be presented to the jury and the Court denies Plaintiff's Motion for New Trial as to this argument. See Sims v. Progressive Direct Ins. Co., 4:09CV1213 CDP, 2010 WL 3038726 (E.D. Mo. Aug. 3, 2010); see 35 MOPRAC § 19:11 (Deck v. Teasley, 332 S.W. 3d 536 (Mo. 2010) applies in UIM actions).

### C. Impeaching by Contradiction the Testimony and Test Results of Defendant's Expert, Dr. Michael Oliveri, Ph.D.

Plaintiff contends that the Court erred in preventing Plaintiff from testifying (1) that Dr. Oliveri administered the tests improperly by stopping Plaintiff mid-answer and giving him guidance on how to respond; and (2) that the assistant who conducted the tests was confused and also improperly suggested answers to Plaintiff.

In contrast to Plaintiff's argument, the Court finds that it allowed Plaintiff to testify regarding these purported irregularities in Dr. Oliveri's testing. Because all of this was presented

- 4 -

to the jury, the Court finds no error and denies Plaintiff's Motion for a New Trial on this argument.

### D. The Alleged Conflict of Interest of Defendant's Expert, Dr. Richard Lehman, M.D.

Plaintiff claims that the Court should have allowed him to testify regarding his information that Defendant's expert, Dr. Lehman, had a conflict of interest relating to his medical examination of Plaintiff. Plaintiff asserts that Dr. Lehman was involved in a legal dispute with Plaintiff's nephew based upon Dr. Lehman's purchase of Ken Behlmann Automotive Services. Plaintiff argues that Dr. Lehman's medical opinion was biased against Plaintiff as a result of this dispute.

The Court denies Plaintiff's motion for a new trial as to this issue. Plaintiff failed to present any evidence, other than hearsay, regarding Dr. Lehman's purported conflict of interest. Plaintiff's counsel indicated that he intended to play some dialogue between Mr. Behlmann and Dr. Lehman and also to call Mr. Behlmann to testify that the dispute between his nephew and Dr. Lehman was a serious dispute. The Court determined that Plaintiff had no personal knowledge in support of his proposed testimony regarding the alleged dispute and his testimony would only have been hearsay. The Court holds that it properly excluded this testimony.

### E. Peremptory Challenge to Strike the Only African-American Panel Member

Plaintiff argues that the Court erred in allowing Defendant to strike an African-American venireperson. Plaintiff notes that Defendant struck the only African-American from 17 potential jurors. Plaintiff argues that Defendant claimed that it struck the African-American venireperson because he did not speak during voir dire, but Defendant did not strike other venirepersons who also did not speak during voir dire. In response to arguments that the African-American

venireperson was not forthcoming, Plaintiff claims that the venireperson was never asked any questions that required answers from him.

Under Batson v. Kentucky, 476 U.S. 79 (1986), a trial court must engage in a three-step inquiry. The trial court first determines whether there has been a prima facie showing that the peremptory strike was based on race. Smulls v. Roper, 535 F.3d 853, 859 (8th Cir. 2008)(citing Rice v. Collins, 546 U.S. 333, 338 (2006)). If the first step is satisfied, the burden then shifts to the party seeking the strike to present a race-neutral explanation for striking the juror. The striking party's stated reason need not be "'persuasive, or even plausible'" as long as it is not inherently discriminatory. Id. The burden then shifts back to the party challenging the strike at the third step to shoulder his ultimate burden of establishing purposeful discrimination.

The Court found that Defendant provided race-neutral reasons for striking the African-American venireperson. First, the venireperson was a retired auto worker and Defendant stated that he was concerned that he would be sympathetic to Plaintiff, who was involved in the automobile sales business. Second, Defendant noted that on two occasions the venireperson was not forthcoming with information. The venireperson failed to respond regarding a question about people involved in the auto industry and with automobile dealerships. The venireperson also did not inform the Court regarding his involvement in a lawsuit when the panel was asked about prior litigation. For these race-neutral reasons, the Court holds that it properly found that Defendant's strike of an African-America venireperson was for race-neutral reasons and not improper under the Baston v. Kentucky standard.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Bill of Taxable Costs [92] is **GRANTED**, in part, and **DENIED**, in part. The Court taxes costs against Plaintiff and in favor of Defendant in the amount of $3,157.00.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for New Trial [95] is **DENIED**.

Dated this 27th day of June, 2014.

JOHN A. ROSS
UNITED STATES DISTRICT JUDGE